GAYLES *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 57, October Term, 1956.]

642

*Decided February 7, 1957.*

Before Brune, C. J., and Collins, Henderson, Hammond and Prescott, JJ.

Collins, J., delivered the opinion of the Court.

This is an application by Samuel Lloyd Gayles for leave to appeal from the denial of a writ of *habeas corpus* by Judge Michael J. Manley of the Supreme Bench of Baltimore City.

Petitioner was found guilty of larceny and on September 17, 1956, was sentenced by the magistrate to eighteen months in the Maryland House of Correction.

Petitioner contends that he was denied the right to witnesses that were "friendly to him". The denial of the opportunity to obtain witnesses relates to the regularity rather than to the validity of the proceedings and can be raised on appeal, but not on *habeas corpus*. *Randall v. Warden,* 208 Md. 667, 671, 119 A. 2d 712, and cases there cited.

Petitioner also contends that, as he did not have counsel, he was not advised of his right to appeal nor of the fact that an appeal shall be taken within ten days from the time of his conviction. There is no requirement that a person convicted before a magistrate shall be notified of his right to appeal or the time within which an appeal should be taken.

He further contends that the attorney whom he employed engaged in unethical and unprofessional conduct. He said his trial had been postponed to give him time to hire a lawyer. He paid that lawyer $75.00 with a promise to pay him $125.00 upon the date of trial. The attorney refused to appear in court until the $125.00 was paid to someone unknown to pe-

titioner and who was representing the attorney. He refused to pay this person and, therefore, his attorney did not appear. He does not allege that he complained to the magistrate about the conduct of his attorney. *Roberts v. Warden,* 206 Md. 246, 111 A. 2d 597. As pointed out in *Ridgeley v. Warden,* 201 Md. 651, 92 A. 2d 451, appointment of counsel by a magistrate is unheard of in Maryland. *Smith v. Warden,* 208 Md. 672, 119 A. 2d 364.

Petitioner further contends that evidence used in a prior case, already adjudicated, was used in his case and that he had no guilty knowledge of the theft. The admissibility of evidence and the guilt or innocence of the petitioner cannot be retried on *habeas corpus. Davis v. Warden,* 208 Md. 675, 119 A. 2d 365.

*Application denied, with costs.*