## BROWN *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 25, September Term, 1958.]

*Decided October 23, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge Byrnes, in the Baltimore

City Court. Petitioner was convicted in the People's Court of Wicomico County on two counts of unauthorized use of a motor vehicle and sentenced to 24 months in the House of Correction. He alleges that he should have been tried by the juvenile authorities, and that he was not represented by counsel. The petition is devoid of any facts that would tend to show a lack of jurisdiction in the magistrate, nor does it allege that he requested that counsel be appointed. *De Lisle v. Warden,* 203 Md. 649. We have also noted in several cases that appointment of counsel by a magistrate is unheard of in Maryland, and that on appeal petitioner would have been entitled to a trial *de novo* and that counsel could then have been appointed for him, if necessary. *Gayles v. Warden,* 212 Md. 641; *Smith v. Warden,* 208 Md. 672; *Ridgeley v. Warden,* 201 Md. 651. In any event, counsel need not be appointed except in serious cases, and there is no showing that for want of counsel "an ingredient of unfairness operated actively in the process that resulted in his confinement". *Channell v. Warden,* 211 Md. 615, 616, and cases cited.

*Application denied, with costs.*